FILED

2007 Dec-20  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN SHANNON, also known as TIMOTHY EDWARD WHITE, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 7:07-cv-01087-IPJ-JEO |
| WARDEN CHERYL PRICE, et al., | ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

On June 11, 2007, the petitioner filed a form application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 with this court.  He challenges the validity of his custody in that he

asserts the sentences imposed have expired.  Upon consideration of the same, the court finds that

the petition is due to be dismissed without prejudice.

**BACKGROUND**

The defendant was convicted on May 26, 1987, on two burglary convictions in Mobile

County, Alabama.  He was sentenced on June 29, 1987, to serve two ten-year terms concurrently.

The court split the sentences with three years to be served in a state facility, followed by five

years probation.  After his release from state custody, he absconded from probation.  A warrant

for probation revocation was issued on July 10, 1991.

The petitioner was arrested in Florida and was returned to the State of Alabama where he

ultimately was incarcerated.  He completed service of his sentence on November 18, 2007.  As

best this court can discern, he is under no supervision at this juncture.[1]  The petitioner has not

---

[1]The petitioner was released from state custody as an "end-of-sentence" release, indicating that he was not released on parole or other supervision.  (See Doc. 15, Ex. E).

provided the court with any forwarding address.

The respondents have filed their answer.  Therein, they request that the present petition be dismissed because the petitioner is no longer in custody.  (Doc. 15 at p. 5).

## DISCUSSION

A petitioner is entitled to habeas corpus relief only when he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  When a petitioner "is no longer serving the sentence[ ] imposed . . . [he] cannot bring a federal habeas petition directed solely at [that] conviction[ ]."  *Lackawanna County Dist. Att'y. v. Cross*, 532 U.S. 394, 401, 121 S. Ct. 1567, 1573 (2001).

In the present matter, it is evident that the petitioner is no longer in custody for purposes of the statute.  He has been released.  Nothing indicates that he is on supervision for the underlying offenses.  The prior convictions are not being used to enhance another sentence.  Thus, the present matter is moot.

## CONCLUSION

Premised on the foregoing, this action is due to be dismissed without prejudice.  An appropriate order will be entered.

**DONE**, this the 20th day of December 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

2